**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ROBERT COLLIER, ARMAND RIJKEN, and MARK RIFKIN, on their behalf and all others similarly situated,<br><br>    Plaintiffs,<br><br>        v.<br><br>BRIGHTPOINT, INC., JERRE L. STEAD, ELIZA HERMANN, ROBERT J. LAIKIN, JOHN F. LEVY, CYNTHIA L. LUCCHESE, RICHARD W. ROEDEL, MICHAEL L. SMITH, and KARI-PEKKA WILSKA, and INGRAM MICRO INC.,<br><br>    Defendants. | Case No. 1:12-cv-1016-TWP-DKL |

**ENTRY ON PROPOSED INTERVENOR SAMUEL LEE'S
MOTION FOR A PROTECTIVE ORDER**

This matter is before the Court on the Motion for a Protective Order filed by Proposed Intervenor Samuel Lee ("Mr. Lee"). Previously, the Court granted Mr. Lee's emergency motion to stay discovery pending the ruling on the instant motion. In that order, the Court permitted Plaintiffs Robert Collier ("Mr. Collier"), Armand Rijken (Mr. Rijken), and Mark Rifkin ("Mr. Rifkin") (collectively, "Plaintiffs") to file an expedited response. Plaintiffs filed a timely response. For the reasons stated below, the Court **DENIES** Mr. Lee's motion (Dkt. 94).

### I. PROCEDURAL HISTORY

**A.    Background**

This case arose as a shareholders' class action lawsuit brought by Plaintiffs opposing a merger by Defendants BrightPoint, Inc. and a number of Defendants' directors (collectively, "Defendants"). On July 24, 2012, Mr. Collier initiated the lawsuit against Defendants in federal

court.  (Dkt. 1.)  On August 2, 2012, Mr. Rijken and Mr. Rifkin initiated a similar action against Defendants in federal court. (*Rijken v. BrightPoint, Inc.*, No. 1:12-cv-01072-TWP-TAB) The Court later ordered that the two actions consolidate.  (Dkt. 52.)  The essence of these lawsuits sought to compel Defendants to make certain disclosures to Defendants' shareholders. Meanwhile, on August 3, 2012, Mr. Lee, through counsel, purportedly submitted a demand letter to Defendants, seeking disclosures on behalf of the shareholders.  (Dkt. 76-5; Dkt. 91 at 31.)

On September 5, 2012, the parties notified the Court of a Memorandum of Understanding, and requested that the Court suspend any and all pending deadlines.  Thereafter, on October 22, 2012, the Court entered an order preliminarily approving the proposed settlement of the instant action and a fairness hearing was scheduled to be held on January 30, 2013.

Moreover, on January 16, 2013, Plaintiffs moved the Court for the following: (1) final approval of the settlement, (2) final certification of the Settlement Class, and (3) an award of attorney fees and expenses in the aggregate amount of $600,000.00 for services of Plaintiffs' counsel.  (Dkt. 70.)

Then, on January 18, 2013, Mr. Lee filed a Motion to intervene into the instant action, filed objections to the class action settlement, and applied for attorney fees and expenses in the amount of $400,000.00.  (Dkt. 76.)  Shortly thereafter, on January 25, 2013, Mr. Lee withdrew his objections to the class action settlement, but not the motion to intervene or his application for attorney fees.

At the fairness hearing on January 30, 2013, the Court found that the settlement is fair and reasonable and entered into in good faith, that appropriate notice has been provided and that there were no objections to the proposed settlement.  The Court approved the terms of the settlement and advised it would issue a separate order regarding final approval.  The Court then stated it

would permit the parties to submit additional briefing on the issue of attorney fees and ordered Plaintiffs and Defendants to respond within 30 days.   The Court gave Mr. Lee seven days to reply to the responses.

**B.     Notices of Deposition**

Plaintiffs proceeded to serve an Amended Notice of Deposition on Mr. Lee for February 12, 2013, and on Mr. Lee's counsel, Scott Holleman ("Mr. Holleman"), for February 13, 2013. Mr. Lee resisted these depositions, and on February 13, 2013, the Magistrate Judge conducted a telephonic status conference to resolve the dispute.   After reviewing the submissions of counsel and hearing arguments by counsel for Mr. Lee and Plaintiffs,[1] the Magistrate Judge determined that Plaintiffs would be permitted to depose Mr. Lee and Mr. Holleman in order to explore the factual basis supporting Mr. Lee's attorney fees application.  (Dkt. 93 at 2.)   The depositions were to take place on either February 18, 20, or 22, 2013, in Florida, Mr. Lee's state of residence, and last one or two hours for each deponent.   (Dkt. 93 at 2-3.)

**C.     Motion for Protective Order**

Notwithstanding the Magistrate Judge's February 14, 2013 Entry, Mr. Lee filed the instant motion, requesting a protective order to preclude Plaintiffs from deposing either Mr. Lee or Mr. Holleman.   Mr. Lee has revisited the arguments raised before the Magistrate Judge in this formal motion and he claims that (1) courts generally disfavor discovery of non-named class members; (2) Plaintiffs' notice should be quashed due to procedural defects; (3) any information sought by way of deposition is irrelevant and unlikely to lead to the discovery of admissible evidence; (4) the information sought by Plaintiffs is protected by attorney-client privilege; (5) courts generally

---

[1] Defendants took no position in this dispute.

3

disfavor taking depositions of counsel; and (6) Mr. Holleman's deposition is unnecessary in light of his comments on the record.   (Dkt. 94.)

Plaintiffs responded briefly, essentially requesting the depositions occur in order to ascertain the factual basis supporting Mr. Lee's claim for an award of $400,000.00 in attorney fees, where Mr. Lee's counsel has purportedly expended 81 hours of work.  Plaintiffs submit that "a large part of this discovery is directed at ascertaining exactly how Mr. Lee and his counsel somehow wracked up over 80 hours of time composing a letter and sending it to defense counsel." Plaintiffs further represent that if the instant motion is denied they may still be able to take depositions on February 22, 2013.

## II. LEGAL STANDARD

Parties are permitted discovery into "any nonprivileged matter that is relevant to any party's claim or defense."  Fed. R. Civ. P. 26(b)(1).  Courts have broad discretion in matters related to discovery.  *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).  An appellate court will not disturb a trial court's exercise of discretion "unless it is established that the denial of the requested discovery would result in actual and substantial prejudice to the complaining litigant."  *Jurcev v. Central Comty Hosp.*, 7 F.3d 618, 627 (7th Cir. 1993).

## III. DISCUSSION

The heart of this dispute involves the allocation of attorney fees from the proposed class settlement in this case.  Plaintiffs and Defendants have agreed to allocate $600,000.00 to Plaintiffs for attorney fees.   Mr. Lee has moved to intervene, filed objections to the proposed class settlement, and applied for attorney fees.  While Mr. Lee later withdrew his objections to the proposed class settlement, he implicitly objects to the allocation of $600,000.00 to Plaintiffs for

attorney fees.[2]  Rather, Lee contends that $400,000.00 should be allocated to him for attorney fees.

Mr. Lee first argues that non-named class members or absent class members are generally not subject to discovery.  The Seventh Circuit has held otherwise, indicating that under some circumstances absent class members may be required to submit to discovery.  See *Brennan v. Midwestern United Life Ins. Co.*, 450 F.2d 999, 1004 (7th Cir. 1971).  Notably, "[t]he taking of depositions of absent class members is—as is true of written interrogatories—appropriate in special circumstances."  *Clark v. Universal Builders, Inc.*, 501 F.2d 324, 341 (7th Cir. 1974).  "[T]he party seeking the depositions has the burden of showing necessity and absence of any motive to take undue advantage of the class member."  *Id.*  It is difficult for the Court to find that Mr. Lee is a mere absent class member in this case, where he is actively injecting himself into the proceeding, by way of his pending motion to intervene, and petition for a substantial award in attorney fees.  Based on the foregoing Seventh Circuit case law, the Court finds that Mr. Lee is subject to discovery.  *Brennan*, 450 F.2d at 1004; *Clark*, 501 F.2d at 341.

Next, Mr. Lee states that procedural defects exist with respect to his notice of deposition.  Given the Court's broad discretion in discovery matters, the Court will permit Plaintiffs to cure any procedural defects.  While the Seventh Circuit has not specified whatever differences exist among a non-party and absent class party, it is clear that Plaintiffs may depose Mr. Lee.  *Clark*,

---

[2]  Well after the fact, Mr. Lee appears to include a marginal objection to the adequacy of class counsel:

> Notably, none of Plaintiffs, who actually have sought to be appointed class representatives, have offered any testimony whatsoever concerning their adequacy to represent the putative class, the adequacy of and basis for retaining counsel, or the nature and structure of the fee sharing agreement entered into by and among the consortium of law firms constituting Plaintiffs' counsel.  Indeed, to the extent that any discovery is warranted, it should be reciprocal.

(Dkt. 94 at 8 n 5.)  Mr. Lee raised this objection, which has since been withdrawn; therefore, he is not entitled into discovery in this area.

501 F.2d at 341.  Moreover, the failure to comply with a discovery order could subject Mr. Lee to Rule 37 sanctions.  *Brennan*, 450 F.2d at 1004.  Given Mr. Lee's unusual status in this case, Plaintiffs shall comport with Fed. R. Civ. P. 45 in order to compel Mr. Lee's attendance at the deposition.  Service of said subpoena shall comport with Fed. R. Civ. P. 5(b)(2).[3]  Plaintiffs and Mr. Lee's counsel shall make a good faith effort to schedule the deposition.  The Court permits the depositions to take place without the requisite 14-day notice as specified by S.D. Ind. L.R. 30-1.

Next, Mr. Lee protests that his deposition should not be permitted because his testimony would be irrelevant and unlikely to lead to the discovery of admissible evidence, and that the information sought by Plaintiffs is protected by attorney-client privilege.  Generally, motions for protective orders "seeking to prevent the taking of a deposition [are] regarded unfavorably by the courts."  *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 125 (D. Md. 2009).  Mr. Lee asserts that "he is mutually responsible for several of the Additional Disclosures and is solely responsible for the disclosure concerning the consideration received by the Board's financial advisors prior to their engagement concerning the Merger."  (Doc 77 at 17.)  Plaintiffs are entitled to explore the factual basis for that assertion.  The information sought here is at the core of Mr. Lee's claim for attorney fees.  "Barring extraordinary circumstances, courts rarely will grant a protective order which totally prohibits a deposition" of a person with discoverable factual information.  *Simmons Foods, Inc. v. Willis*, 191 F.R.D. 625, 630 (D. Kan. 2000).  To the extent deposition questions seek information Mr. Lee contends is protected by the attorney-client privilege he is free to raise those specific objections at the deposition.

---

[3] Mr. Lee also asserts that discovery is stayed, because the parties have not yet engaged in a Rule 26(f) conference. Here, discovery is authorized by order of the Court.  See Fed. R. Civ. P. 26(d)(1).  The Court permitted discovery at the January 30, 2013 fairness hearing, and by way of the February 14, 2013 Entry.

6

Relying on a general proposition that the deposition of an attorney "creates a side-show and diverts attention from the merits of the case . . . ." *M&R Amusements Corp. v. Blair*, 142 F.R.D. 304, 305 (N.D. Ill. 1992), Mr. Lee contends that Mr. Holleman should not be subject to a deposition. Here, the issue is whether Mr. Lee is entitled to an award of $400,000.00 in attorney fees. Mr. Holleman is in the best position to testify as to the factual basis supporting the petition for fees. See *United Phosphorus, Ltd. v. Midland Fumigant, Inc.*, 164 F.R.D. 245, 248 (D. Kan. 1995) ("Attorneys with discoverable facts, not protected by attorney-client privilege or work product, are not exempt from being a source for discovery by virtue of their license to practice law or their employment by a party."). Although counsel may have made certain representations at the fairness hearing, Plaintiffs are nonetheless entitled to secure his testimony under oath.

Finally, to the extent that Mr. Lee complains of any procedural defects with respect to Mr. Holleman's notice of deposition, Plaintiffs are permitted to cure any defects to compel Mr. Holleman's attendance at the deposition. Accordingly, as a non-party Mr. Holleman shall be subpoenaed in accordance with Fed. R. Civ. P. 5(b)(2) and 45. As noted above, Plaintiffs and Mr. Holleman shall make a good faith effort to schedule the depositions, and the Court permits the deposition to take place without the requisite 14-day notice as specified by S.D. Ind. L.R. 30-1.

Having made this ruling, the Court on its own will extend the deadline for the parties to file their responses to the Mr. Lee's Motion to Intervene and Application for an Award of Attorney's Fees and Expenses (Dkt. 76) to March 15, 2013. Mr. Lee may file a reply seven days after the filing of the responses.

## IV.  CONCLUSION

For the reasons stated above, Mr. Lee's motion for protective order is **DENIED.** Plaintiffs are directed to comply with the provisions of Fed. R. Civ. P. 5(b)(2) and 45 in order to

compel the attendance of either deponent.   Plaintiffs are directed to confer with Mr. Lee's counsel in good faith, and to schedule depositions in Florida, forthwith, at a location convenient for Mr. Lee. The depositions for Mr. Lee and Mr. Holleman shall last no more than two hours for each deponent.

      SO ORDERED.

Dated:   02/21/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Henry J. Price
PRICE WAICUKAUSKI & RILEY
hprice@price-law.com

James Piatt
PRICE WAICUKAUSKI & RILEY
jpiatt@price-law.com

Juan E. Monteverde
FARUQI & FARUQI
jmonteverde@faruqilaw.com

Shane T. Rowley
FARUQI & FARUQI
srowley@faruqilaw.com

Abram B. Gregory
TAFT STETTINIUS & HOLLISTER LLP
agregory@taftlaw.com

Gordan L. Pittenger
TAFT STETTINIUS & HOLLISTER LLP
gpittenger@taftlaw.com

Richard A. Kempf
TAFT STETTINIUS & HOLLISTER LLP
rkempf@taftlaw.com

Bradley R. Hansen
DAVIS POLK & WARDWELL, LLP
bradley.hansen@davispolk.com

Neal A. Pitischman
DAVIS POLK & WARDWELL, LLP
neal.potischman@davispolk.com

James V. Masella, III
BLANK ROME, LLP
jmasella@blankrome.com

Stephen E. Gross
BLANK ROME, LLP
gross-s@blankrome.com

Michelle Gitlitz Courtney
BLANK ROME, LLP
mcourtney@blankrome.com

Paul D. Vink
BOSE McKINNEY & EVANS,LLP
pvink@boselaw.com

J. Gregory Joyner
NABER & JOYNER
faline@naberlaw.com

W. Scott Holleman
LEVI & KORSINSKY LLP
30 Broad Street, 24th Floor
New York, New York   10004

David T. Wissbroecker
ROBBINS GELLER RUDMAN &
DOWD LLP
dwissbroecker@rgrdlaw.com

James A.L. Buddenbaum
PARR RICHEY OBREMSKEY
FRANDSEN & PATTERSON
jbuddenbaum@parrlaw.com

Michael L. Schultz
PARR RICHEY OBREMSKEY
FRANDSEN & PATTERSON
mschultz@parrlaw.com

Travis W. Montgomery
PARR RICHEY OBREMSKEY
FRANDSEN & PATTERSON
tmontgomery@parrlaw.com