UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT COLLIER, on behalf of himself and all others similarly situated.    )<br>)<br>Plaintiff,    )<br>)<br>   )<br>v.    )<br>   )<br>BRIGHTPOINT, INC., JERRE L. STEAD,    )<br>ELIZA HERMANN, ROBERT J. LAIKIN,    )<br>JOHN F. LEVY, CYNTHIA L. LUCCHESE,    )<br>RICHARD W. ROEDEL, MICHAEL L.    )<br>SMITH, and KARI-PEKKA WILKSA,    )<br>   )<br>Defendants. | Case No. 1:12-cv-01016-TWP-DKL |

## ENTRY GRANTING FINAL APPROVAL OF SETTLEMENT AGREEMENT

This matter is before the Court on Plaintiff's Robert Collier Motion for Final Approval of Settlement (Dkt. 70). The Court held a Fairness Hearing on January 30, 2013. Pursuant to Federal Rule of Civil Procedure 23(e), the Court determines that the class action settlement is lawful, reasonable, adequate, and therefore approves the terms and conditions of the Settlement Agreement. Specifically, the Court finds that the requirements set forth in Rule 23(a) and 23(b)(3) have been satisfied, adequate notice has been provided, and the Settlement Agreement itself was made in good faith and is a fair resolution of this dispute. Furthermore, the Court finds that appropriate notice has been provided and that there were no objections to the proposed settlement.

Specifically, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED**, as follows:

1.      Unless otherwise defined herein, all defined terms shall have the meanings as set forth in the Stipulation.

2. The Notice of Pendency of Class Action, Proposed Class Action Determination, Proposed Settlement of Class Action, Settlement Hearing, and Right to Appear concerning the Action ("the Notice") has been given to the Class (as defined herein) pursuant to and in the manner directed by the Scheduling and Preliminary Approval Order; proof of the mailing of the Notice was filed with the Court; and full opportunity to be heard has been offered to all parties, the Class, and persons in interest. The form and manner of the Notice is hereby determined to have been the best notice practicable under the circumstances and to have been given in full compliance with each of the requirements of Federal Rule of Civil Procedure 23, due process, and applicable law, and it is further determined that all members of the Class are bound by the Order and Final Judgment herein. Defendants further caused to be served on the United States Attorney General and all State Attorneys General the notice of the proposed Settlement pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. §§1711 *et. seq.* (the "CAFA"), and the form and manner of said notice is hereby determined to be in full compliance with CAFA.

3. Based on the record in the Action, each of the provisions of Federal Rule of Civil Procedure 23 have been satisfied, and the Action have been properly maintained according to the provisions of Federal Rules of Civil Procedure 23(a), 23 (b)(1), and 23 (b)(2). Specifically, this Court finds that (a) the Class is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Class; (c) the claims of Lead Plaintiffs (as defined herein) as representative plaintiffs are typical of the claims of the Class; (d) the Lead Plaintiffs and their counsel have fairly and adequately protected and represented the interests of the Class; (e) prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications that would establish inconsistent standards of conduct for the defendants; and (f) defendants have acted on grounds that generally apply to the Class.

4. The Action is hereby finally certified as a non-opt-out class action, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(1), and 23(b)(2), on behalf of a class consisting of all record holders and beneficial owners of common stock of BrightPoint, Inc. ("BrightPoint") at any time during the period beginning on and including March 16,2012 through and including the date of the consummation of the Merger,[1] and excluding the defendants in the Action, any entity in which a defendant in the Action has or had a controlling interest, officers of the defendants in the Action, and the legal representatives, agents, executors, heirs, successors, or assigns of any such excluded person (the "Class"). Further, the plaintiffs Robert J. Collier, Armand Rijken, and Mark Rifken as representatives of the Class (the "Lead Plaintiffs") are finally certified as Class representatives. The law firms of Faruqi & Faruqi, LLP and Robbins Geller Rudman & Dowd LLP are finally certified as lead counsel to the Lead Plaintiffs in the Action ("Lead Counsel").

5. The Settlement is found to be fair, reasonable, adequate, and in the best interests of the Class, and is hereby approved pursuant to Federal Rule of Civil Procedure 23(e). The parties to the Stipulation are hereby authorized and directed to comply with and to consummate the Settlement in accordance with its terms and provisions, and the Clerk is directed to enter and docket this Order and Final Judgment in the Action.

6. This Court has jurisdiction over the subject matter of the Action, including all matters necessary to effectuate the Settlement and this Order and Final Judgment and over all parties to the Action.

7. The Action and the claims asserted therein are hereby dismissed on the merits with prejudice as to all defendants in the Action and against all members of the Class on the

---

[1] Except for terms defined herein, the Court adopts and incorporates the definitions in the Stipulation for purposes of this Order, as set forth in Paragraph 1 hereof

merits and, except as provided in the Stipulation, without fees or costs (except as provided below in Paragraph 13).

8. Any and all rights, actions, causes of action, suits, debts, dues, sums of money, accounts, liabilities, losses, obligations, fees, costs, reckonings, bonds, bills, specialties, controversies, agreements, contracts, variances, trespasses, damages, judgments, extensions, executions, claims and demands whatsoever, whether known or unknown, contingent or absolute, suspected or unsuspected, disclosed or undisclosed, matured or unmatured, that have been, could have been, or in the future could be or might be asserted, by or on behalf of plaintiffs and any or all members of the Class in their capacity as shareholders and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parents, subsidiaries, associates, affiliates, employers, employees, agents, consultants, directors, managing directors, officers, partners, partnerships, principals, limited liability companies, members, attorneys, bankers, consultants, trustees, insurers, coinsurers, reinsurers, accountants, financial and other advisors, investment bankers, underwriters, lenders, auditors and any other representatives of any of these persons or entities, shall be individually and collectively, completely, fully, finally, and forever released, relinquished, and discharged. And, including, without limitation, any claims, whether individual, class, direct, derivative, representative, legal, equitable or in any other capacity, raising under federal statutory or common law, state statutory or common law, local statutory or common law or any law, rule or regulation, including the law of any jurisdiction outside the United States (including, but not limited to, allegations of fraud, fraud in the inducement, breach of the duty of care, breach of the duty of loyalty, breach of the duty of disclosure, breach of any other duty, misrepresentation, or omission, negligence or gross negligence, "quasi-appraisal," breach of contract, breach of trust, corporate waste, ultra vires

4

actions, unjust enrichment, aiding and abetting, violations of federal or state securities law or otherwise), that relate in any way to (i) the Merger Agreement or any amendment thereto or the Merger itself; (ii) the fiduciary duties owed by Defendants and the Released Parties to shareholders of BrightPoint in connection therewith; (iii) Defendants' disclosure obligations under federal, state or any other law in connection with the Merger Agreement or the Merger; (iv) the adequacy of the consideration to be paid to BrightPoint shareholders in connection with the Merger Agreement and/or Merger; (v) the negotiations in connection with the Merger Agreement, or any amendment thereto, including any alleged deal protection devices; (vi) the alleged aiding and abetting of any breach of fiduciary duty in connection with the Merger Agreement or the Merger; (vii) any alleged improper personal benefit, conflict of interest, improper payments of any remuneration or employment benefits to any individual made in connection with the Merger Agreement or the Merger; (viii) the allegations in the Action; and (ix) any other claim related in any way to any of the foregoing (collectively, the "Released Claims"), shall be individually and collectively, completely, fully, finally, and forever released, relinquished, and discharged; provided however, that the Released Claims shall not be construed to limit the right of the Defendants, Lead Plaintiffs, or any member of the Class to enforce the terms of the Settlement.

9. Any and all claims raising out of or relating to the filing, prosecuting, or settling the Action, by or on behalf of Defendants, their counsel, and any persons receiving a release described in Paragraph 8, against Lead Plaintiffs, his counsel, or the Class members, shall be individually and collectively, completely, fully, finally, and forever released, relinquished, and discharged; provided however, that this release shall not include the right of the Defendants to enforce the terms of the Settlement.

10. The releases extend to claims that the parties granting the release (the "Releasing Persons") do not know or suspect to exist at the time of the releases, which if known, might have affected the Releasing Persons' decision to enter into the releases or whether or how to object to the Court's approval of the Settlement. The Releasing Persons shall be deemed to waive any and all provisions, rights, and benefits conferred by any law of the United States or any state or territory of the United States, or principle of common law or foreign law, which may have the effect of limiting the releases set forth above. In particular, the Releasing Persons, including each member of the Class, shall be deemed to have relinquished to the full extent permitted by law the provisions, rights, and benefits of section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

In addition, the Releasing Persons, including each member of the Class, shall be deemed to relinquish, to the extent they are applicable, and to the full extent permitted by law, the provisions, rights, and benefits of any law of any state or territory of the United States, federal law, or principle of common law, which is similar, comparable, or equivalent to section 1542 of the California Civil Code. The Releasing Persons, including each member of the Class, are deemed to have completely, fully, finally, and forever compromised, settled, released, discharged, and extinguished any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or heretofore existed, or may hereafter exist, and without regard to the subsequent discovery or existence of additional or different facts. The parties to the

Stipulation acknowledged that the foregoing waiver was separately bargained for and is a material term of the Settlement.

11.     Lead Plaintiffs, Lead Counsel, and all members of the Class, and any of their respective representatives, trustees, successors, heirs, and assigns, are hereby permanently barred and enjoined from asserting, commencing, prosecuting, assisting, instigating, continuing, or in any way participating in the commencement or prosecution of any action, whether directly, representatively, derivatively, or in any other capacity, asserting any claims that are, or relate in any way to, the Released Claims that are released pursuant to this Order and Final Judgment or under the Stipulation.

12.     Neither the Stipulation, the Settlement, this Order and Final Judgment, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement (a) is or may be deemed to be or may be used as an admission of, or evidence of, the validity or lack of validity of any Released Claims or any wrongdoing or liability of Defendants; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the parties in any civil, criminal, or administrative proceeding in any court, administrative agency, or other tribunal; or (c) is or may be alleged or mentioned so as to contravene clause (a) above in any litigation or other action unrelated to the enforcement of the Stipulation, Notwithstanding the foregoing, any of the Released Persons may file the Stipulation or any judgment or order of the Court related hereto, in any action that may be brought against them, in order to support any and all defenses or counterclaims based on *res judicata*, collateral estoppel, release, good-faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion, or similar defense or counterclaim.

13.     Lead Counsel is hereby awarded attorneys' fees and expenses in the amount of

$600,000.00, which sum the Court finds to be fair and reasonable and which shall be paid to Lead Counsel in accordance with the terms of the Stipulation.

14. The effectiveness of the Order and Final Judgment and the obligations of Lead Plaintiffs, Lead Counsel, the Class, and the Defendants under the Settlement shall not be conditioned upon or subject to the resolution of any appeal that relates solely to the issue of Lead Counsel's application for an award of attorneys' fees and expenses.

15. The Court **FURTHER ORDERS, ADJUDGES, AND DECREES** that all other relief be, and is hereby, **DENIED**, and that this Order and Final Judgment disposes of all the claims and all the parties in the above-entitled and numbered action.

**SO ORDERED**.

Date: 05/01/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Juan E. Monteverde
ATTORNEY AT LAW
jmonteverde@faruqilaw.com

Michelle Gitlitz Courtney
BLANK ROME, LLP
mcourtney@blankrome.com

Stephen E. Gross
BLANK ROME, LLP
gross-s@blankrome.com

Shane T. Rowley
FARUQI & FARUQI
srowley@faruqilaw.com

W. Scott Holleman
LEVI & KORSINSKY LLP
sholleman@zlk.com

J. Gregory Joyner
NABER & JOYNER
faline@naberlaw.com

James V. Masella, III
BLANK ROME, LLP
jmasella@blankrome.com

Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
pvink@boselaw.com

Bradley R. Hansen
DAVIS POLK & WARDWELL, LLP
bradley.hansen@davispolk.com

Neal A. Potischman
DAVIS POLK & WARDWELL, LLP
neal.potischman@davispolk.com

Henry J. Price
PRICE WAICUKAUSKI & RILEY
hprice@price-law.com

James Piatt
PRICE WAICUKAUSKI & RILEY
jpiatt@price-law.com

David T. Wissbroecker
ROBBINS GELLER RUDMAN & DOWD LLP
dwissbroecker@rgrdlaw.com

Abram B. Gregory
TAFT STETTINIUS & HOLLISTER LLP
agregory@taftlaw.com

Gordon L. Pittenger
TAFT STETTINIUS & HOLLISTER LLP
gpittenger@taftlaw.com

Richard A. Kempf
TAFT STETTINIUS & HOLLISTER LLP
rkempf@taftlaw.com

Edward Wesley Harris, III
TAFT STETTINIUS & HOLLISTER LLP
eharris@taftlaw.com

Michael L. Schultz
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP
mschultz@parrlaw.com

Travis W. Montgomery
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP
tmontgomery@parrlaw.com

James A.L. Buddenbaum
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP-Lebanon
jbuddenbaum@parrlaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com