UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT COLLIER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-01016-TWP-DKL |
| ) | |
| BRIGHTPOINT, INC., JERRE L. STEAD, ) | |
| ELIZA HERMANN, ROBERT J. LAIKIN, ) | |
| JOHN F. LEVY, CYNTHIA L. LUCCHESE, ) | |
| RICHARD W. ROEDEL, MICHAEL L. ) | |
| SMITH, and KARI-PEKKA WILKSA, ) | |
| ) | |
| Defendants. ) | |

**ENTRY ON MOTION TO INTERVENE AND
APPLICATION FOR ATTORNEYS'S FEES AND EXPENSES**

This matter is before the Court on Samuel Lee's ("Mr. Lee") Motion to Intervene and Application for Attorney's Fees and Expenses.[1] In a previous Entry, the Court gave its final approval to the Settlement reached between the named parties regarding the July 2, 2012 merger between Ingram Micro and BrightPoint Inc. ("BrightPoint"). Based on the factual record and findings below, Mr. Lee's Motion to Intervene and Application for Attorney's Fees (Dkt. 76) is **DENIED**.

### I. BACKGROUND

On July 2, 2012, Ingram Micro and BrightPoint jointly announced that they had entered into a definitive merger agreement wherein Ingram Micro would acquire BrightPoint for $840 million net of debt and cash as of June 30, 2012 ("the Acquisition"). Thereafter, several putative shareholders, including Mr. Lee, filed suit in Indiana state court. By July 24, 2012, all of the state court actions were voluntarily dismissed following notification by BrightPoint's counsel

---

[1] Although Mr. Lee's motion also included an objection to the final settlement in this case, it has since been withdrawn.

that Indiana Code § 23-1-44-8 expressly prohibits shareholders from suing to enjoin a merger of a publically traded company when the transaction is still subject to shareholder approval. On July 19, 2012, BrightPoint filed a preliminary proxy on Form 14A with the United States Securities and Exchange Commission ("SEC"). Subsequently, the complaints comprising this action were filed in federal court on July 24, 2012 and August 2, 2012. On August 3, 2012, the law firm representing Mr. Lee, Levi & Korinsky, sent BrightPoint a letter demanding several disclosures (the "Demand Letter"). However, Mr. Lee did not file a complaint in this Court. On August 20, 2012, BrightPoint filed a definitive proxy statement on Form 14A with the SEC containing additional disclosures. On September 4, 2012, the named parties to this action entered into a memorandum of understanding for the terms of settling the litigation (the "Settlement").

BrightPoint made the Settlement public and provided further disclosures on Form 8-K with the SEC on September 6, 2012. On September 19, 2012, the merger agreement between Ingram Micro and BrightPoint was approved by over 99.7 % of voting shares. On October 22, 2012, the Court preliminarily approved the Settlement of this litigation, directed mailing of notice to class members, and set the deadline and procedures for objections. After Plaintiffs filed a motion seeking final approval on January 16, 2013, Mr. Lee filed his Motion to Intervene and Application for Attorney's Fees on January 18, 2013. A fairness hearing, at which Mr. Lee was represented, took place on January 30, 2013.

## II.  LEGAL STANDARD

Federal Rule of Civil Procedure 24 governs a party's ability to intervene in a cause of action. Rule 24(a)(2) states that a party may intervene as a matter of right when he "claims an interest relating to the property or transaction that is the subject of the action, and is so situated

that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Rule 24(b)(2) states that a party may be allowed to intervene if he "has a claim or defense that shares with the main action a common question of law or fact."

A party seeking to intervene as a matter of right under Rule 24(a)(2) must show: (1) timeliness of the application, (2) an interest relating to the subject matter of the main action, (3) potential impairment of that interest if the action is resolved without him, and (4) that the interest cannot be adequately protected by the existing parties. *See Reid L. v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002); *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Servs., Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984). If the applicant does not carry his burden of satisfying each of these requirements, *Keith v. Daley*, 764 F.2d 1265, 1268 (7th Cir. 1985), the court must deny the application. *See United States v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. 2003); *United States v. 36.96 Acres of Land*, 754 F.2d 855, 858 (7th Cir. 1985).

"When deciding a motion for permissive intervention under Rule 24(b), the 'court must consider three requirements: (1) whether the petition was timely; (2) whether a common question of law or fact exists; and (3) whether granting the petition to intervene will unduly delay or prejudice the adjudication of the rights of the original parties.'" *Dave's Detailing, Inc. v. Catlin Ins. Co.*, No. 1:11-cv-1585-RLY-DKL, 2012 WL 5377880, at *2 (S.D. Ind. Oct. 31, 2012) (quoting *Pac for Middle Am. v. State Bd. of Elections*, No. 95–c–827, 1995 WL 571893, at *3 (N.D. Ill. Sept. 22, 1995)).

### III. DISCUSSION

**A.   Mr. Lee's Motion to Intervene**

Regardless of whether the Court resolves Mr. Lee's motion under Rule 24(a) or 24(b), the

motion must still be timely.  The Seventh Circuit has instructed:

> In evaluating the timeliness of a motion to intervene, the Court recognizes that "the mere lapse of time by itself does not make an application untimely," and instead the Court "must weigh the lapse of time in the light of all the circumstances of the case."  7C Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1916 (3d ed. 1998 & Supp.2010).  In particular, the Court "must consider whether the applicant was in a position to seek intervention at an earlier stage in the case"; thus, "[w]hen the applicant appears to have been aware of the litigation but has delayed unduly seeking to intervene, courts generally have been reluctant to allow intervention." *Id.* (collecting cases). "The most important consideration" in determining if a request to intervene is timely is whether "delay in moving for intervention ... prejudice[d] the existing parties to the case" and, "[i]f prejudice is found, [intervention] will be denied as untimely." *Id.*

*Crowe ex rel. Crowe v. Zeigler Coal Co.*, 646 F.3d 435, 444 (7th Cir. 2011).  Put another way, the Seventh Circuit has said the following factors should be considered: "(1) the length of time the intervenor knew or should have known of his interest in th[e] case, (2) the prejudice to the original parties caused by the delay, (3) the resulting prejudice to the intervenor if the motion is denied, and (4) any unusual circumstances." *South v. Rowe*, 759 F.2d 610, 612 (7th Cir. 1985).

Both named Plaintiffs and Defendants argue that Mr. Lee's motion was not timely filed. Specifically, Defendants argue, "[i]t was not until *four months* after BrightPoint's shareholders approved the Acquisition, and *three months* after this Court granted preliminary approval to the Settlement that [Mr.] Lee moved to intervene."  Dkt. 107 at 7 (emphasis in original).  Mr. Lee argues that his intervention complied with the Court's invitation to absent class members to be heard no later than 10 days before the Settlement Fairness hearing.  However, this invitation referred to objections, not motions to intervene.  As such, insofar as Mr. Lee initially objected to the Settlement, that objection was timely.  But this does not automatically mean his motion to intervene was also timely.

Applying the standards set forth by the Seventh Circuit, Mr. Lee does not dispute that he knew of this case at the time it was filed in July and August 2012. He at least knew of this litigation when the supplemental disclosures were filed, because the disclosures referenced the complaints in this matter, as well as Mr. Lee's Demand Letter. The motion to intervene was filed six months after the proposed Acquisition was announced, five months after Mr. Lee filed a complaint regarding the proposed Acquisition in Indiana state court, and three months after the parties presented a proposed settlement to this Court after the Court granted preliminary approval to the settlement. The Court finds then, that Mr. Lee was clearly aware and in a position to intervene earlier in this litigation.

Mr. Lee next argues that Defendants have suffered no prejudice by his intervention, because Mr. Lee attempted to resolve his claim for attorney's fees with Defendants multiple times before filing the instant motion. Mr. Lee does not, however, address the prejudice to Plaintiffs. All the named parties have spent significant resources in this litigation, the majority of which occurred prior to reaching the Settlement. Plaintiffs, who did the bulk of work on behalf of the class to secure a fair and reasonable settlement, have since been forced to continue litigating after the Court had granted preliminary approval, as well as orally granted final approval. Therefore, the Court finds the belated motion to intervene has caused prejudice.

**B.     Mr. Lee's Application for Attorney's Fees**

Even if Mr. Lee were allowed to intervene, his fee request would still be denied because neither Mr. Lee nor his counsel has shown that their Demand Letter played any role in conferring the benefit upon shareholders; therefore, Mr. Lee suffers little prejudice if his motion is denied.

Mr. Lee filed objections on January 18, 2012 and shortly thereafter, on January 25, 2012, withdrew his objections to the settlement agreement. The Settlement, which the Court orally

approved at the fairness hearing, awards $600,000.00 in attorney's fees and expenses to class counsel. In his notice of withdrawal and at the hearing, Mr. Lee reiterates his entitlement to $400,000.00 in attorney's fees and expenses "for his role in securing substantial, disclosure-based relief via the additional disclosures". Dkt. 79 at 3. Specifically, Mr. Lee asserts that by his Demand Letter and chart which compared the contents of the letter to the disclosure items enumerated in the Complaint, he was shown that he was mutually responsible for many, if not all, of the additional disclosures provided by BrightPoint in connection with the merger. Further, Mr. Lee concedes that his reason for filing the motion is to seek attorney's fees and expenses.

The Court, however, is unconvinced that Mr. Lee's Demand Letter achieved a substantial benefit to all members of the class. The Court finds the charts supplied by Mr. Lee helpful in determining that his demands were not so unique or specific that they precipitated BrightPoint's additional disclosures. *See, e.g.*, Dkt. 112-2. Moreover, BrightPoint stipulated that the additional disclosures were attributed to the complaints in this matter. The burden rests with Mr. Lee to demonstrate causation and he has failed to provide the Court with any evidence that demonstrates any causal connection between his Demand Letter and Defendants' decision to make the Supplemental Disclosures. Therefore, even if he were allowed to intervene, the Court would not have granted Mr. Lee attorney's fees for his participation in this litigation, and he has suffered little prejudice.

## IV. CONCLUSION

For the reasons set forth above, Mr. Lee's Motion to Intervene and Application for Attorney's Fees (Dkt. 76) is **DENIED.**

**SO ORDERED**.

Date: 05/01/2013

_____
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Juan E. Monteverde
ATTORNEY AT LAW
jmonteverde@faruqilaw.com

Michelle Gitlitz Courtney
BLANK ROME, LLP
mcourtney@blankrome.com

Stephen E. Gross
BLANK ROME, LLP
gross-s@blankrome.com

James V. Masella, III
BLANK ROME, LLP
jmasella@blankrome.com

Paul D. Vink
BOSE MCKINNEY & EVANS, LLP
pvink@boselaw.com

Bradley R. Hansen
DAVIS POLK & WARDWELL, LLP
bradley.hansen@davispolk.com

Neal A. Potischman
DAVIS POLK & WARDWELL, LLP
neal.potischman@davispolk.com

Henry J. Price
PRICE WAICUKAUSKI & RILEY
hprice@price-law.com

James Piatt
PRICE WAICUKAUSKI & RILEY
jpiatt@price-law.com

David T. Wissbroecker
ROBBINS GELLER RUDMAN & DOWD LLP
dwissbroecker@rgrdlaw.com

Abram B. Gregory
TAFT STETTINIUS & HOLLISTER LLP
agregory@taftlaw.com

Shane T. Rowley
FARUQI & FARUQI
srowley@faruqilaw.com

W. Scott Holleman
LEVI & KORSINSKY LLP
sholleman@zlk.com

J. Gregory Joyner
NABER & JOYNER
faline@naberlaw.com

Michael L. Schultz
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP
mschultz@parrlaw.com

Travis W. Montgomery
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP
tmontgomery@parrlaw.com

James A.L. Buddenbaum
PARR RICHEY OBREMSKEY FRANDSEN & PATTERSON LLP-Lebanon
jbuddenbaum@parrlaw.com

Carol Nemeth Joven
PRICE WAICUKAUSKI & RILEY
cnemeth@price-law.com

Gordon L. Pittenger
TAFT STETTINIUS & HOLLISTER LLP
gpittenger@taftlaw.com

Richard A. Kempf
TAFT STETTINIUS & HOLLISTER LLP
rkempf@taftlaw.com

Edward Wesley Harris, III
TAFT STETTINIUS & HOLLISTER LLP
eharris@taftlaw.com